Patrick Forrester *vs.* Julia Ann E. Sisco, Administratrix of James Sisco, &c.

*Inquisition and Assessment of damages by Jury—Where several plaintiffs each having separate cause of action, damages assessed separately—Appeal from Judgment on Inquisition.*

J. A. S., administratrix of J. S. sued P. F , as administratrix, and as widow and as guardian of the infant son of J. S., for damages. Judgment by default was passed against the defendant and a jury sworn to inquire and assess the damages in the case between said J. A. S., administratrix, and said P. F.; the defendant objected to the swearing of the jury in this form, because the declaration disclosed a case between said J. A. S. as administratrix and as widow and as guardian, plaintiff, and said P. F. defendant. Held :

That the jury was properly sworn, and that where a jury is sworn to inquire and assess damages in a case where at the same time different parties have each distinct causes of action covered by the same judgment, it is the proper course to assess the damages of each separately.

In this case a motion was made to dismiss the appeal on the ground that an appeal did not lie from a judgment entered upon an inquisition. Held :

That an appeal does lie from such judgments, except where a special jurisdiction has been conferred to confirm or reject an inquisition at discretion.

Appeal from the Baltimore City Court.

Julia Ann E. Sisco, as administratrix of James Sisco, deceased, and as widow, and as guardian of Henry Sisco, minor child of said James Sisco, sued Patrick Forrester for damages occasioned by the defendant's obstructing and closing up an alley way. In the first count of the declaration said Julia claimed damages for the injury done to herself and her said ward, Henry Sisco, and in the second count claimed damages for the injury done to herself alone.

Judgment by default was passed and a jury sworn to inquire and assess the damages.

*Defendant's Exception.*—The following oath was administered to the jury : " You shall well and truly try and assess the damages in the action now depending between Julia Ann E. Sisco, administratrix of James Sisco, deceased, plaintiff, and Patrick Forrester, defendant, and a true inquisition give according to your evidence, so help you God." The defendant excepted to the swearing of the jury in this form under the pleadings in the case, because the declaration disclosed a case between said Julia, as administratrix, and as widow, and as guardian of said Henry, against said Patrick Forrester.

The Court overruled the exception, and the jury assessed the damages at $75.00 and costs, and judgment was entered upon said inquisition.

From the judgment of the Court overruling said exception to the manner of swearing the jury and entering judgment for the plaintiff upon the said inquisition, this appeal was taken.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Wm. J. O'Brien,* for the appellant.

*W. E. Gleeson,* for the appellee.

BRENT, J., delivered the opinion of the Court.

A motion is made to dismiss the appeal in this case, upon the ground that after the judgment by default the damages were assessed by an inquisition    The case of the *Wilmington and Susquehanna R. R. vs. Condon,* 8 *G. & J.,* 448, is relied upon as conclusive of the question. The inquisition in that case and the present is a totally different proceeding. There the inquisition was for the con-

demnation of land for the use of the railroad and a special power was given to the County Court of reviewing it, and confirming or setting it aside. From the exercise of this special jurisdiction the Court held there was no appeal, but they never meant to intimate that an appeal would not lie in any case in which an inquisition by a jury was had. The inquisition in this case is not in the exercise of a special limited jurisdiction conferred on the Baltimore City Court, but is the means of perfecting a judgment rendered in the exercise of its ordinary jurisdiction.

The motion to dismiss is overruled.

The declaration in this case is filed on behalf of the administratrix of James Sisco, on behalf of his widow, and on behalf of the guardian of his minor child, alleging, in the first count, damages to them respectively occasioned by the defendant's so obstructing and closing up an alley way as to deprive them of the proper use and enjoyment of a house and lot built thereon.

The second count seems to charge damages sustained only by the widow.

Upon this declaration judgment by default was obtained.

When a jury was thereafter impannelled to inquire and assess the damages, they were sworn "to try and assess the damages in the action now depending between Julia Ann E. Sisco, administratrix of James Sisco, deceased, the plaintiff, and Patrick Forrester, the defendant, and a true inquisition give according to the evidence."

An exception is taken to this form of swearing the jury, and presents the only question for our examination. There is no exception to any of the proof offered, nor any motion in arrest of judgment

The declaration, to say the least, is certainly a very singular one, but the effect of the judgment by default was to determine that injury had been done by the defendant to the enjoyment of the property by the deceased in his

life-time, and that his administratrix could rightfully recover therefore.

The jury was, therefore, sworn to assess damages for an injury alleged in the declaration and covered by the judgment by default. The City Court was right in giving a sensible effect to the judgment by default, and preventing the jury from assessing damages at the same time for three parties, each having distinct causes of action.

The appellant cannot have been injured by the course adopted by the Court. As no exception has been taken to any of the proof, we are fully warranted in concluding that the proof was confined to the damages and injury to John Sisco in his life-time, and that the jury in their inquisition assessed them alone.

Seeing no error presented by the exception of the appellant, the judgment of the City Court will be affirmed.

*Judgment affirmed.*

(Decided 24th July, 1878.)